**DAN JU PAN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40623–ag.

United States Court of Appeals, Second Circuit.

Jan. 16, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Bradley J. Schlozman, United States Attorney for the Western District of Missouri (Joel F. May, Assistant United States Attorney, of counsel), Kansas City, MO, for Respondent.

Present: ROSEMARY S. POOLER, ROBERT A. KATZMANN, B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Dan Ju Pan, a native and citizen of the People's Republic of China, seeks review of a September 9, 2003, order of the Board of Immigration Appeals ("BIA") affirming the May 2, 2002, order of Immigration Judge ("IJ") Theresa Holmes–Simmons denying petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Dan Ju Pan,* No. A 78 211 468 (B.I.A. Sept. 9, 2003), *aff'g* No. A 78 211 468 (Immig. Ct. N.Y. City May 2, 2002). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on review. We hold as follows.

■ Pan has abandoned his appeal of his asylum claim by failing to make any argument concerning it in his brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

■ The IJ found that Pan's testimony in support of his withholding of removal

claim lacked credibility and thus failed to satisfy his burden of proof. The BIA affirmed the IJ's decision and found her credibility findings to be acceptable. We disagree and hold that the IJ erred in several respects.

First, the IJ found that Pan failed to provide documentary proof of his marriage. While the IJ correctly found that Pan's household registration did not list a marital status for him, she erred by finding that there was no documentary proof of the marriage because the record also contains (1) the same household registration's indication that Pan's wife was married and that she was the daughter-in-law of Pan's father and (2) a marriage certificate.

■ Second, the IJ also erred by finding that Pan's testimony was internally inconsistent in that he testified that his wife was three or four months pregnant at the time of her forced abortion in May 1998 but also testified that she became pregnant in December 1997, which would have made her five months pregnant at the time of the abortion. In fact, Pan testified that his wife removed her IUD in December 1997 and began to notice symptoms consistent with pregnancy sometime the next month. Thus, there was no inconsistency.

■ Third, the IJ erred by finding an inconsistency between Pan's testimony that he wanted his wife to leave the area in which they lived to go into hiding and his wife's letter stating that she was afraid to go outside their house. Pan testified that he had planned to have his wife hide, but that his plan was disrupted by birth control personnel who seized his wife and ultimately forcibly terminated her pregnancy. There is no inconsistency between Pan's unrealized desire and his wife's fear.

■ Finally, the IJ erred by characterizing Pan's testimony concerning the forced abortion as vague and thus discrediting his testimony. Pan testified that he was not present during the abortion and therefore he could not have testified from direct knowledge about the details of the operation. Further, Pan testified that although his wife experienced great pain during the procedure, she could not see what was going on, and that she was "muddle headed" afterwards. Under these circumstances, the IJ could not have found that Pan should have offered greater detail without engaging in impermissible speculation. *See Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir.2003).

The IJ also found that permissible factors diminished Pan's credibility. However, we cannot predict with confidence that absent her consideration of the factors that we have held are erroneous, the IJ would reach the same conclusion. Therefore, we remand. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006).

■ Pan did not argue to the BIA that the IJ's denial of CAT relief was erroneous. Therefore, he has not exhausted available administrative remedies and we lack jurisdiction to consider his claim. *See Karaj v. Gonzales*, 462 F.3d 113, 119 & n. 2.

We therefore grant the petition for review, vacate, and remand to the BIA with respect to Pan's withholding-of-removal claim. With respect to the CAT claim, we dismiss the petition for review. As our review is now complete, we deny Pan's motion for a stay of removal.